**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO. 5:26-CR-7-MTT** |
| | ) | |
| **MIHIR PATEL,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

Defendant Mihir Patel moves for immediate pretrial release, or in the alternative, for de novo review under 18 U.S.C. § 3145(b). ECF 73 at 1–2. After de novo review, the Court concludes that continued detention is warranted because no condition or combination of conditions of release would reasonably assure Patel's appearance at trial. Accordingly, Patel's motion for immediate pretrial release (ECF 73) is **DENIED.**

**I. STANDARD**

A defendant may move for review of a magistrate judge's detention order pursuant to 18 U.S.C. § 3145(b). *United States v. Wingo*, 490 Fed. App'x 189, 190 (11th Cir. 2012). The Court conducts a de novo review of the magistrate judge's findings and conclusions. *United States v. King*, 849 F.2d 485, 489–90 (11th Cir. 1988). To determine whether "the magistrate's factual findings are supported and that the ... legal conclusions are correct," the court "careful[ly] review[s] ... the pleadings and the evidence developed at the magistrate's detention hearing." *Id.* at 490. "[T]he court may explicitly adopt the findings and conclusions of the magistrate, or the court may decide that additional evidence is required and conduct an independent hearing." *United States v. Hidalgo*, 2015 WL 570012, at *2 (M.D. Ga.) (citing *King*, 849 F.2d at 490). Under the

Bail Reform Act, a defendant may be detained pending trial only if a judicial officer "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(e).

Title 18 U.S.C. § 3142(g) provides four factors the Court should consider in determining whether there are conditions of release that will reasonably assure the appearance of the person as required. They are:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including –
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

## II. DISCUSSION

The Court has carefully conducted an independent and de novo review of the pleadings and the evidence developed at the detention hearing, as well as both pretrial services reports ("PSR").[1] With respect to whether Patel was a flight risk, the Magistrate Judge concluded that "no condition or combination of conditions of release will

[1] At Patel's request, the Court ordered the Probation Office to update the initial PSR.

reasonably assure the defendant's appearance as required." ECF 18 at 2. The evidence supports this conclusion.

The State of Georgia initially charged Patel with the offense at issue. ECF 18 at 3; ECF 80 at 3. The State ordered Patel to surrender his passport and placed him on electronic monitoring. *Id.* Patel later removed his ankle monitor at Hartsfield-Jackson Atlanta International Airport, fled the country, and remained abroad until Georgia dropped the case. ECF 80 at 3; ECF 73-4 at 45. Correspondence between Patel and his former counsel corroborates that Patel remained outside the country while his state charges were pending. ECF 73-4 at 37–39. The updated PSR also indicates that Patel failed to appear at hearings in other courts. *Id.* Indeed, in his motion for pretrial release, Patel "acknowledges prior failures to appear, international travel, [and prior convictions] reflected in the record." ECF 73 at 2; ECF 73-4 at 6, 45.

Patel's conduct demonstrates that surrendering his passport and submitting to electronic monitoring would not reasonably assure his appearance as required. Patel previously failed to comply with a passport-surrender requirement and fled the country after removing his ankle monitor. His conduct gives the Court little reason to believe that similar conditions would secure his appearance at trial.

At an evidentiary hearing held October 15, 2026, Patel argued that waiting eight months to flee while his state charges were pending demonstrates that electronic monitoring could work, particularly because he surrendered his passport this time. He also argued that he now has immediate family living in the district. The Court is not persuaded. Although Patel asserts that he has now surrendered his passport, the updated PSR indicates that he has a United States passport, but the whereabouts are

unknown. ECF 80 at 2. The updated PSR also indicates that Patel has significant family ties abroad and no verifiable, legitimate employment. *Id.* at 4. In addition to evidence that Patel fled the country while facing state charges, the Government alleges that Patel was arrested with false identification documents in his possession. As noted, Patel also acknowledges prior failures to appear in unrelated cases. Given these circumstances and having considered the factors set forth in § 3142(g), the Court concludes Patel is a flight risk and that no condition or combination of conditions of release would reasonably assure his appearance as required.

## III. CONCLUSION

Based on the evidence before it, the Court finds by a preponderance of the evidence that no set of conditions of release will reasonably assure Patel's presence at trial. The Government has carried its burden of proving that pretrial detention is warranted. Accordingly, Patel's motion for pretrial release under § 3145(b) (ECF 73) is **DENIED**.

**SO ORDERED**, this 27th day of October, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT